UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF COSTA MESA AND KATRINA FOLEY,<br><br>           Plaintiffs,<br><br>   v.<br><br>UNITED STATES OF AMERICA, THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, THE UNITED STATES DEPARTMENT OF DEFENSE, THE UNITED STATES AIR FORCE, THE CENTERS FOR DISEASE CONTROL AND PREVENTION, THE STATE OF CALIFORNIA, FAIRVIEW DEVELOPMENTAL CENTER (FAIRVIEW), THE CALIFORNIA GOVERNOR'S OFFICE OF EMERGENCY SERVICES, and THE CALIFORNIA DEPARTMENT OF GENERAL SERVICES,<br><br>           Defendants. | Case No. 8:20-cv-00368-JLS (JDE)<br><br>**TEMPORARY RESTRAINING ORDER AND**<br><br>**ORDER SETTING EXPEDITED HEARING**<br><br>**NOTICE OF HEARING** |

# TEMPORARY RESTRAINING ORDER

This matter came before the Court on an Ex Parte Application for Temporary Restraining Order and Order to Show Cause re Issuance of Preliminary Injunction brought by Plaintiffs, the City of Costa Mesa and Katrina Foley. The Court considered the application and documents filed therewith, including declarations, and accompanying exhibits. Having considered the foregoing, the Court hereby enters the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. Plaintiffs took the following steps to provide notice to Defendants:

    a. Emailed notice to the U.S. Attorney's Office for the Central District of California,[1] and

    b. emailed notice to the California State Attorney General's Office.

2. As a result of Defendants' plan to move patients infected with the Coronavirus (aka COVID-19) into Costa Mesa, California, as early as Sunday, February 23, 2020, without conducting an adequate site survey or providing sufficient safeguards against transmission of the disease, Plaintiffs face the threat of an immediate and irreparable injury. The Defendants' conduct threatens to affect Plaintiffs as well as Plaintiff City of Costa Mesa's residents in areas of health, safety, employment, education, business, and travel.

3. A temporary restraining order against Defendants, as provided below, is necessary to maintain the status quo until the Court can hold an expedited hearing on the merits of Plaintiffs' claims.

## CONCLUSIONS OF LAW

4. The Court has jurisdiction over Defendants and the subject matter of this action.

---

[1] On behalf of the United States, the Centers for Disease Control and Prevention, and other federal defendants, Assistant United States Attorney Daniel Beck filed a Notice of Appearance in this case at approximately 6:00 p.m. on Friday, February 21, 2020. (Doc. 8.) Accordingly, the Court is satisfied that these Defendants have been apprised of the Ex Parte Application presently before it.

5.      Because the Application reflects that Plaintiffs did not learn of any plan to move the infected patients until late Thursday, February 20, 2020, and because of Plaintiffs' strong showing of irreparable harm, Plaintiffs' efforts to contact Defendants reasonably and substantially complied with the requirements of Federal Rule of Civil Procedure 65(b).

7.      In light of the exigent circumstances, the Court concludes that it may issue a temporary restraining order on the basis of the application and accompanying declarations, even in the absence of a complaint.  *See Studebaker Corp. v. Gitlin*, 360 F.2d 692, 694 (2d Cir. 1966).

8.      The Court deems no security bond is required under Federal Rule of Civil Procedure 65(c).

9.      To obtain a temporary restraining order, the Plaintiff must establish 1) a likelihood of success on the merits; 2) that irreparable harm is likely in the absence of preliminary relief; 3) that the balance of equities tips in the Plaintiffs' favor; and 4) that an injunction is in the public interest.  *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

10.     Based on the Findings of Fact set forth above, irreparable injury is likely if the requested restraining order is not issued.

11.     While Plaintiffs' showing as to the likelihood of success on the merits is relatively bare bones at this stage, the balance of equities tips heavily toward the Plaintiffs and the public interest weighs strongly in favor of entering temporary relief to maintain the status quo until a hearing can be held.

## TEMPORARY RESTRAINING ORDER

Now, therefore, it is hereby ORDERED that:

Defendants and all their respective officers, agents, servants, employees and attorneys, and persons in active concert or participation with them who receive actual notice of this Temporary Restraining Order are **hereby fully enjoined from transporting persons infected with or exposed to the Coronavirus (aka COVID-**

**19) to any place within Costa Mesa, California** until an expedited hearing can be held at 2:00 p.m. on Monday, February 24, 2020, in Courtroom 10A.

Defendants are ORDERED to file any opposition no later than Sunday, February 23, 2020 at 12:00 p.m.  Plaintiffs are ORDERED to serve this Temporary Restraining Order and this notice of hearing on all Defendants forthwith.

**IT IS SO ORDERED.**

Dated:  February 21, 2020

_____
Hon. Josephine L. Staton
UNITED STATES DISTRICT JUDGE