NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
DANIEL A. BECK (Cal. Bar No. 204496)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2574
    Facsimile: (213) 894-7819
    E-mail: daniel.beck@usdoj.gov

Attorneys for the Federal Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CITY OF COSTA MESA AND KATRINA FOLEY,<br><br>    Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, THE UNITED STATES DEPARTMENT OF DEFENSE, THE UNITED STATES AIR FORCE, THE CENTERS FOR DISEASE CONTROL AND PREVENTION, THE STATE OF CALIFORNIA, FAIRVIEW DEVELOPMENTAL CENTER (FAIRVIEW), THE CALIFORNIA GOVERNOR'S OFFICE OF EMERGENCY SERVICES, and THE CALIFORNIA DEPARTMENT OF GENERAL SERVICES,<br><br>    Defendants. | No. 8:20-cv-00368-JLS-JDE<br><br>**FEDERAL DEFENDANTS' NOTICE OF MOOTNESS**<br><br>**Second Declaration of Dr. Kevin Scott Yeskey filed herewith**<br><br>The Honorable Josephine L. Staton<br>United States District Judge |

1

This Court has entered a temporary restraining order that prevented the Federal and State Defendants "from transporting persons infected with or exposed to the Coronavirus (aka COVID-19) to any place within Costa Mesa." Dkt. 9, 29. At the time the TRO was entered, Defendants had proposed and were considering the use of an unused, state-owned building within the Fairview Development Center in Costa Mesa to house a group of California residents who were subject to isolation because they had tested positive for COVID-19 but were asymptomatic or otherwise do not need hospitalization. See 2d Declaration of Kevin Scott Yeskey, attached hereto, ¶ 2. The Federal Defendants have decided not to move forward with the challenged proposal. Id. ¶ 3. As a result, the Court should dissolve the temporary restraining order and dismiss this action.

The case or controversy requirement of Article III of the Constitution deprives federal courts of jurisdiction to hear moot cases. See Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70 (1983). A case becomes moot if the "issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982). Federal courts do not have the power to decide a case that does not affect the rights of a litigant in the case before it. See Mitchell v. Dupnik, 75 F.3d 517, 527-28 (9th Cir. 1996). In other words, a petitioner must have suffered an actual injury that is traceable to the respondent and can be redressed by a favorable decision. See Spencer v. Kemna, 523 U.S. 1, 7 (1998).

Here, the Federal Government maintains that Plaintiffs never had Article III standing or a claim, and Plaintiffs have never initiated an action by filing a Complaint. See Dkt. 13. However, any claim they may have had is now clearly moot. As explained in the Second Yeskey Declaration, the federal government has no plans to use the Fairview Developmental Center, or any other facility in Costa Mesa, to house individuals who have tested positive for COVID-19. 2d Yeskey Decl. ¶ 2.

The mootness doctrine is subject to two exceptions. First, the "capable of

1  repetition yet evading review" exception is met when: (1) the "duration of the challenged
2  conduct is too brief ever to be fully litigated prior to its cessation"; and (2) there is a
3  reasonable probability that the petitioner will again be subject to the challenged activity.
4  See Nebraska Press Ass'n v. Stuart, 427 U.S. 539, 546 (1976); see also Mitchell, 75 F.3d
5  at 528; GTE Cal., Inc. v. FCC, 39 F.3d 940, 945 (9th Cir. 1994).  Second, "voluntary
6  cessation" of challenged conduct "does not ordinarily render a case moot because a
7  dismissal for mootness would permit a resumption of the challenged conduct as soon as
8  the case is dismissed."  Knox v. Serv. Emps. Int'l Union, Local 1000, 132 S.Ct. 2277,
9  2287 (2012); Rosebrock v. Mathis, 745 F.3d 963, 971 (9th Cir. 2014).  Even in that
10 situation, however, a case might become moot if subsequent events made it "absolutely
11 clear that the allegedly wrongful behavior could not reasonably be expected to recur."
12 Rosebrock, 745 F.3d at 971.
13         Neither exception applies here.  The challenged proposal concerned only a
14 specific set of individuals:  a small group of California residents evacuated from the
15 Diamond Princess who tested positive for COVD-19 but were asymptomatic or
16 otherwise do not need hospitalization.  The proposal to house these individuals at
17 Fairview Development Center has now unequivocally been abandoned, and there is no
18 pending proposal concerning the Fairview Development Center under consideration.
19 The conduct challenged in this case therefore could not reasonably be expected to recur.
20 Moreover, the Federal Defendants have no proposal or plans to use any facility in Costa
21 Mesa to house individuals who have tested positive for COVID-19—and, indeed, have
22 already made other arrangements for the individuals previously proposed to be housed at
23 Fairview.  It is thus abundantly clear that the proposal challenged here could not
24 reasonably be expected to arise again in the future.  Any suggestion to the contrary
25 would be based on sheer speculation inconsistent with the constraints of Article III.
26         Accordingly, the Federal Defendants respectfully request that the Court dissolve
27 the TRO and dismiss this action.
28                                           3

Dated: February 28, 2020

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney Chief,
Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

*/s/ Daniel A. Beck*

DANIEL A. BECK
Assistant United States Attorney

Attorneys for the Federal Defendants